UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14cv242-FDW

| | |
|---|---|
| TYRONE JOHNSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ROY COOPER, )<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit Court of Appeals.

## I. BACKGROUND

On March 31, 2015, this Court denied and dismissed Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and the Clerk of Court entered judgement the same day. (Doc. Nos. 10, 11.). According to the docket in this case, the Clerk mailed a copy of the Order (Doc. No. 10) and Judgment (Doc. No. 11) on March 31, 2015, to Petitioner at Warren Correctional Institution, where Petitioner was incarcerated when he filed his § 2254 Petition. Petitioner filed a notice of appeal on August 4, 2015. (Doc. No. 12.)

On November 24, 2015, the U.S. Court of Appeals for the Fourth Circuit remanded the case to this Court. See Johnson v. Cooper, No. 15-7233, 2015WL 7450576 (4th Cir. Nov. 24, 2015) (unpublished). Although the Fourth Circuit held that the notice of appeal was untimely, it remanded the case for the "limited purpose" of determining whether Petitioner is entitled to the benefit of Federal Rule of Appellate Procedure 4(a)(6) to reopen the time to file an appeal.

1

By Order filed on December 16, 2015, this Court provided Petitioner an opportunity to explain why it should reopen Petitioner's appeal period pursuant to Rule 4(a)(6). (Doc. No. 17.) On January 5, 2016, Petitioner filed a Response. (Doc. No. 18.)

## II.  DISCUSSION

Ordinarily, a notice of appeal must be filed with the federal district clerk within 30 days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). Under Rule 4(a)(6), a district court may reopen the appeal period for fourteen days if it finds that: (1) a party entitled to notice of entry of judgment did not receive notice within twenty-one days after judgment, (2) the party moved to reopen the appeal period either within 180 days of judgment or within fourteen days of receiving notice of the judgment, and (3) no party would be prejudiced. Fed. R. App. P. 4(a)(6).

Rule 4(a)(6) is permissive, however, and allows a district court to deny a motion to reopen even if the movant meets the rule's three requirements. See In re Jones, 970 F.2d 36, 39 (5th Cir. 1992) (noting that Rule 4(a)(6) is discretionary). For example, if a petitioner's failure to keep the court apprised of his address change led to his not receiving the entry of judgment in a timely manner, it would be within the discretion of the district court to deny him relief under Rule 4(a)(6). See Benavides v. Bureau of Prisons, 79 F.3d 1211, 1214 (D.C. Cir. 1996) ("If in a particular case the movant is at fault-if the movant negligently failed to notify the clerk of his change of address, for example-then the district court may, in its discretion, deny relief under Rule 4(a)(6)."); see also Cox v. Lexington County Jail, 31 F. App'x. 238, 239 (4th Cir. 2002) (unpublished) (holding that the district court properly denied relief under Rule 4(a)(6), because Cox failed to apprise the district court of a change of address).

2

Petitioner asserts that he did not receive notice of the entrance of judgment until August 3, 2015, after he contacted this Court seeking an update in his case. The record before the Court shows that Petitioner was transferred from Warren Correctional Institution to Scotland Correctional Institution ("SCI") on January 21, 2015, two months before judgment was entered. (NC Dep't of Pub. Safety Offender Info., Nov. 24, 2015, Doc. No. 15-1.) Petitioner states that he notified this Court of his change of address to SCI. (Resp. ¶ 5, Doc No. 18.) As evidence, Petitioner has provided what he contends is a carbon copy of the notice he sent to the Court on January 22, 2015. (Resp. Ex. A-1, Doc. No. 18.) There is no record in the docket of the Court having received Petitioner's change of address notice, however.[1]

Petitioner also asserts that he wrote to the Court on July 23, 2015, asking for an update in his case, and that his letter was received by the Clerk of Court on July 30, 2015. (Resp., supra, at ¶ 1.) There is no record in the docket, however, of any correspondence from Petitioner between entrance of judgment on March 31, 2015 (Doc. No. 11) and August 10, 2015, when the Clerk of Court received and docketed Petitioner's Notice of Appeal (Doc. No. 12).

Likewise, there is no record of the Clerk of Court having mailed anything to Petitioner at SCI prior to December 16, 2015. Nevertheless, the SCI log of incoming legal mail shows that on August 3, 2015, Petitioner signed for one or more items from the Clerk of Court for the Western District of North Carolina. (SCI Incoming Legal Mail Log, Doc. No. 15-2.) Petitioner asserts that what he received was a response to his July 23, 2015 letter, notifying him that judgment had been entered in March and that to this day, he has not received the Order and Judgment mailed by the Clerk on March 31, 2015, to Warren Correctional Institution. The fact that Petitioner

---

[1] In his Notice of Appeal, Petitioner makes no mention of having notified this Court of his move to SCI. Instead, he cites Department of Public Safety policy requiring that mail received at an inmate's previous place of incarceration be forwarded to the inmate's current place of incarceration. (NOA 1, Doc. No. 12.)

mailed his notice of appeal on August 4, 2015, the day after receiving correspondence from the Clerk's Office, tends to support his assertion that he did not receive notice of entrance of judgment until August 3.

Based upon the record and the pleadings before it, the Court will assume that Petitioner did not receive notice of entrance of judgment until August 3, 2015. Petitioner, therefore, meets the first two requirements of Rule 4(a)(6). While Petitioner may be partially at fault for not having received timely notice of entrance of judgment, the Court cannot conclude that Petitioner bears all of the blame. Additionally, Respondent has not indicated that the State will be prejudiced by the Court reopening Petitioner's time to appeal, see Rule 4(a)(6). (Doc. No. 15.) Therefore, the Court finds that Petitioner is entitled to the benefit of Rule 4(a)(6) to reopen the time to file an appeal.

**IT IS, THEREFORE, ORDERED** that:

1) Petitioner is entitled to have the time to file an appeal reopened pursuant to Federal Rule of Appellate Procedure 4(a)(6);

2) The Clerk of Court shall transmit a copy of this Order, along with the updated record in this case to the Fourth Circuit Court of Appeals; and

3) The Clerk shall mail a copy of this Order, as well as copies of the Order denying the Petition for Writ of Habeas Corpus (Doc No. 10) and the Judgment (Doc. No. 11) to Petitioner.

Signed: January 29, 2016

_____
Frank D. Whitney
Chief United States District Judge

4